## A. E. CARTER *v.* THOMAS H. McMANUS et al.

The interpolation of words accidentally omitted in a will, made in the nuncupative form by public act, cannot be considered as an interruption or turning aside to other acts.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *A. M. Dunn, F. Hardesty* and *W. F. Kernan*, for plaintiff and appellant. *John McVea*, for defendant.

CARTER
v.
McMANUS

LAND, J. This suit is to annul the last will and testament of *Samuel McManus*, made in the nuncupative form by public act on the 30th day of June, 1857.

The causes of nullity alleged by the plaintiff are:

First. That the testator was at the time of making his will very old and infirm, and was without a disposing mind and memory.

Secondly. That in point of fact said act and the dispositions therein contained were not received by said notary in the presence of the witnesses therein named.

Thirdly. That in fact it was not dictated by said testator, and written by the notary as dictated by the deceased in the presence of the witnesses.

Fourthly. That it was not read, by the notary as it was dictated by the deceased, to the testator in presence of the witnesses after it was written.

Fifthly. That it was not signed by the testator in the presence of the witnesses therein named.

Sixthly. That the formalities prescribed by law were not fulfilled at one and the same time, without interruption or turning aside to other business, but on the contrary, there were frequent interruptions.

And seventhly. That there was a turning aside to other acts and an interruption by the interpolation of the words "and costs of the administration of my estate" in said will.

The only evidence offered on the trial of this suit was the will of *Samuel McManus*. It appears to have been made strictly in conformity with law, and no testimony was adduced by the plaintiff to impeach the validity of the will on any of the grounds alleged in his petition. The interlineation mentioned cannot be considered as an interruption or turning aside to other acts.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.